# IN THE COURT OF APPEALS OF IOWA

No. 18-0826
Filed January 9, 2019

**P&C SIERRA, L.L.C., PAUL SIERRA, and CORINNE SIERRA,**
    Plaintiffs-Appellants,

**vs.**

**JOHN M. CARROLL,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

The plaintiffs appeal from the district court order granting summary judgment in favor of the defendant on their legal-malpractice claims. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellants.

Kevin H. Collins and Sarah J. Gayer of Nyemaster Goode, P.C., Cedar Rapids, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

P&C Sierra, L.L.C., and its members, Paul and Corinne Sierra, appeal from the district court order granting summary judgment in favor of John Carroll on their legal-malpractice claims. They contend the district court erred in finding their action was untimely. Our review is for correction of errors at law. *See Murtha v. Cahalan*, 745 N.W.2d 711, 713 (Iowa 2008).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "The district court may dispose of a claim barred by the applicable statute of limitations by granting summary judgment." *See Kestel v. Kurzak*, 803 N.W.2d 870, 874 (Iowa Ct. App. 2011). In reviewing an order granting summary judgment, we view the evidence presented in the light most favorable to the opposing party. *See Murtha*, 745 N.W.2d at 713. We therefore "indulge in every legitimate inference that the evidence will bear in an effort to ascertain the existence of a fact question." *Id.* (citation omitted).

The plaintiffs filed this legal malpractice action against Carroll in June 2017. The statute of limitations on the plaintiffs' claims is five years. *See* Iowa Code § 614.1(4) (2017). "[T]the statute of limitations does not begin to run on a legal malpractice claim until . . . the client sustains an actual, nonspeculative injury and has actual or imputed knowledge of the other elements of the claim." *Vossoughi v. Polaschek*, 859 N.W.2d 643, 652 (Iowa 2015). The sole issue on appeal concerns when the plaintiffs sustained an actual, nonspeculative injury.

The facts are largely undisputed. In 2008, the plaintiffs entered a business venture with Richard Brown to purchase an existing local business. For their contribution, the plaintiffs conveyed two properties they owned to Brown's company, and Brown recorded the warranty deeds in April 2008. When Brown was unable to obtain financing under the arrangement, the plaintiffs agreed to sell the properties to Brown by installment contract. To that end, Brown conveyed title to the properties back to the plaintiffs in quitclaim deeds prepared by Carroll in May 2008, and the parties executed the real estate installment contracts on June 6, 2008. On that date, the plaintiffs allege that Carroll orally represented he would record the installment contracts and deeds.[1] However, the contracts and deeds were never recorded, and Brown executed a mortgage on the properties with First Midwest Bank three days later. When First Midwest Bank recorded the mortgage on July 28, 2008, the plaintiffs' interest in the properties became junior to that of First Midwest Bank.

The plaintiffs note that insecurity arising from absence of a mortgage lien against real estate does not alone constitute an actual injury under which a legal-malpractice claim begins to accrue. *See id.* They argue they suffered an actual injury and the statute of limitations began to run when Brown stopped making payments under the real estate contract in August 2012. *See id.* at 654 (holding that any injury suffered by the plaintiffs stemming from legal malpractice of attorneys who structured real estate transaction without the protection of a mortgage on the real estate or a perfected security interest in the personal property

---

[1] Carroll disputes that he made this representation.

was merely speculative as long as purchaser continued making payments without disruption). However, the district court rejected this argument as "contrary to the undisputed facts." Instead, the court found the plaintiffs' claim

> arose at least as early as June 9, 2009, when [the plaintiffs] wrote [Carroll] airing their grievances. In their June 9, 2009 letter, [the plaintiffs] alleged actual injury from his failure to record the quitclaim deeds and the real estate contracts, and demanded $60,000 in compensation. It was at this time that [the plaintiffs] themselves believed they had been wronged by [Carroll] and were entitled to recourse, threatening "various civil, and possibly criminal, remedies." And it was at this point that [the plaintiffs] were able to quantify the loss they purport to have sustained, seeking $60,000 from [Carroll]. Moreover, [the plaintiffs] represented to [Carroll] as early as September 8, 2008, that [Brown] was constantly delinquent on installment payments under the real estate contracts. Even though [the plaintiffs] continued receiving periodic payments from [Brown] through August 2012, they sustained injury when payments were delinquent because they had the legal right to sue to enforce their rights under the real estate contracts; at this point [the plaintiffs]' injuries were actual and nonspeculative. Therefore, [the plaintiffs]' legal malpractice claims are time-barred under the five-year statute of limitations.

We agree with the district court.

Because the record shows the plaintiffs suffered an actual and nonspeculative injury more than five years before they filed their legal-malpractice action, the action was untimely. The district court properly granted summary judgment in Carroll's favor. Accordingly, we affirm.

**AFFIRMED.**